■ STUART REALTY Co. et al., Appellants, v RYE COUNTRY STORE, INC., et al., Respondents. [745 NYS2d 72] —In an action, inter alia, to recover damages for breach of a commercial lease, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), dated April 26, 2001, as granted the defendants' motion to dismiss the complaint on the ground, among others, that the action is barred under the doctrine of res judicata.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

In June 1999 the plaintiff Stuart Realty Co. commenced an action in the City Court of the City of Rye to recover unpaid rent due from the defendant Rye Country Store, Inc. (hereinafter Rye Country). The parties entered into a settlement agreement pursuant to which Rye Country paid $10,000 to Stuart Realty Co. The plaintiffs subsequently commenced this action in the Supreme Court, Westchester County, against, among others, Rye Country and its shareholders for future rent payments due under the lease, as well as for the difference between the rent owed under the former lease and the rent being paid by a subsequent tenant.

The intent of the parties in entering the settlement agreement in the prior action cannot be determined from the record (*see* CPLR 2104; *Gustaf v Fink,* 285 AD2d 625; *Avaltroni v Gancer,* 260 AD2d 590; *Johnson v Four G's Truck Rental,* 244 AD2d 319; *Kraker v Roll,* 100 AD2d 424). In addition, the record does not reflect the entry of an order or judgment dismissing the prior action which would serve as the basis for the application of the doctrine of res judicata in the subsequent action (*see Gallo v Teplitz Tri-State Recycling,* 254 AD2d 253; *Berkshire Nursing Ctr. v Len Realty Co.,* 168 AD2d 475, 476; *Dunleavy v First Am. Tit. Ins. Co. of N.Y.,* 117 AD2d 952, 953).

The complaint sufficiently alleged wrongdoing by the defendant shareholders to pierce the corporate veil and hold them personally liable (*see Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141; *Aetna Elec. Distrib. Co. v Homestead Elec.,* 279 AD2d 541; *Hyland Meat Co. v Tsagarakis,* 202 AD2d 552, 553). On a motion to dismiss, the plaintiffs had no obligation to demonstrate evidentiary facts to support the allegations contained in the complaint (*see Paulsen v Paulsen,* 148 AD2d 685, 686; *Palmisano v Modernismo Publs.,* 98 AD2d 953, 954). Santucci, J.P., Friedmann, H. Miller and Schmidt, JJ., concur.