■ JOSEPH POLISENO et al., Appellants, v STEVE N. POLISENO et al., Respondents. [795 NYS2d 474]—

In a shareholders' derivative action alleging, inter alia, breach of fiduciary duties, the plaintiffs appeal (1) from a decision of the Supreme Court, Queens County (Schulman, J.), dated March 10, 2004, (2) from an order of the same court, also dated March 10, 2004, which, upon the decision, in effect, denied as academic their motion, among other things, to enjoin the defendant Steve N. Poliseno from acting as corporate officer or director of the defendant corporations and granted that branch of the defendants' cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground of res judicata, (3), as limited by their brief, from stated portions of a decision of the same court, dated July 19, 2004, and (4), as limited by their brief, from so much of an order of the same court, also dated July 19, 2004, as, upon the decision dated July 19, 2004, and upon renewal and reargument, adhered to the prior determination made in the order dated March 10, 2004.

Ordered that the appeals from the decisions are dismissed, as

no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from the order dated March 10, 2004, is dismissed, as that order was superseded by the order dated July 19, 2004, made upon renewal and reargument; and it is further,

Ordered that the order dated July 19, 2004, is reversed insofar as appealed from, on the law, the order dated March 10, 2004, is vacated, that branch of the defendants' cross motion which was to dismiss the complaint is denied, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of the plaintiffs' motion, among other things, to enjoin the defendant Steve N. Poliseno from acting as corporate officer or director of the defendant corporations; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

We agree with the plaintiffs that this action was not barred pursuant to the doctrine of res judicata. The intent of the parties in entering into a stipulation of settlement in a prior action cannot be determined from the record and there was no order or judgment dismissing the prior action (*see Stuart Realty Co. v Rye Country Store,* 296 AD2d 455 [2002]).

We note that upon dismissing the complaint, the Supreme Court, in effect, denied as academic the plaintiffs' motion, inter alia, to enjoin the defendant Steve N. Poliseno from acting as corporate officer or director of the defendant corporations. Accordingly, we remit the matter to the Supreme Court, Queens County, for a determination of the plaintiffs' motion on the merits. Cozier, J.P., Ritter, Krausman and Skelos, JJ., concur.