Hall v Hobbick (2021 NY Slip Op 01398)





Hall v Hobbick


2021 NY Slip Op 01398


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-11430
 (Index No. 508134/16)

[*1]Calvin P. Hall, plaintiff, 
v
Cade W. Hobbick, defendant third-party plaintiff-appellant, et al., defendants; Jason Zegans, et al., third-party defendants-respondents, et al., third-party defendant.


Brian M. DeLaurentis, P.C., New York, NY, for defendant third-party plaintiff-appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Mark K. Anesh and Jason W. Bedor of counsel), for third-party defendants-respondents.



DECISION & ORDER
In an action for a declaratory judgment and partition of real property, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 5, 2017. The order, insofar as appealed from, granted the motion of the third-party defendants Jason Zegans and Zegans Law Group, PLLC, pursuant to CPLR 3211(a) to dismiss the third-party complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the third-party defendants Jason Zegans and Zegans Law Group, PLLC, which was pursuant to CPLR 3211(a) to dismiss so much of the first cause of action of the third-party complaint as sought compensatory damages for legal malpractice, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In September 2013, Calvin P. Hall, the plaintiff, and Cade W. Hobbick, the defendant third-party plaintiff, purchased a residence in Brooklyn (hereinafter the Brooklyn property). The deed provided that Hall held a 99% interest in the property and that Hobbick held a 1% interest in it.
In May 2016, Hall commenced the main action against Hobbick, among others, for a judgment declaring that he was the 99% vested legal title owner of the Brooklyn property, and for partition. Hobbick subsequently commenced a third-party action, inter alia, to recover compensatory and punitive damages for legal malpractice against Jason Zegans and his law firm, Zegans Law Group, PLLC (hereinafter together the third-party defendants), alleging in the first cause of action that the third-party defendants jointly represented Hall and Hobbick in the purchase of the Brooklyn property, and that, due to their legal malpractice, Hobbick acquired only a 1% interest in that property. Hobbick alleged in the second cause of action that the third-party defendants had also represented him in the sale of certain real property located in Saugerties (hereinafter the Saugerties property) which Hobbick co-owned with another individual, and that, due to the third-party [*2]defendants' legal malpractice, Hobbick did not receive his fair share of the net proceeds of that sale.
The third-party defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the third-party complaint insofar as asserted against them. The Supreme Court granted the motion, and Hobbick appeals.
"A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Mawere v Landau, 130 AD3d 986, 987 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Mawere v Landau, 130 AD3d at 98 [internal quotation marks omitted]).
The Supreme Court erred in granting that branch of the third-party defendants' motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss so much of the first cause of action as sought compensatory damages for legal malpractice in connection with the purchase of the Brooklyn property. Contrary to the third-party defendants' contention, their submission of a retainer agreement between themselves and Hall failed to conclusively establish that no attorney-client relationship existed between the third-party defendants and Hobbick with respect to the purchase of the Brooklyn property by Hall and Hobbick (see CPLR 3211[a][1]). "[A]n attorney-client relationship does not depend on the existence of a formal retainer agreement" (Moran v Hurst, 32 AD3d 909, 911). Furthermore, the third-party complaint sufficiently alleged the existence of an attorney-client relationship between Hobbick and the third-party defendants, as well as the other elements of legal malpractice, including damages, which "may include litigation expenses incurred in an attempt to avoid, minimize, or reduce the damage caused by the attorney's" negligence (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 443 [internal quotation marks omitted]; see Mawere v Landau, 130 AD3d at 990). Accordingly, the Supreme Court should not have granted that branch of the third-party defendants' motion which was to dismiss so much of the first cause of action as sought to recover compensatory damages for legal malpractice.
However, with respect to the first cause of action, the Supreme Court properly concluded that the third-party complaint failed to allege any conduct on the part of the third-party defendants which rose to the high level of moral culpability, or which constituted willful or wanton negligence or recklessness, as is necessary to support a claim for punitive damages (see Gioio v Ching Fu Lin, 173 AD3d 982, 983; Financial Servs. Veh. Trust v Saad, 72 AD3d 1019, 1021). Accordingly, so much of the first cause of action as sought to recover punitive damages for legal malpractice was properly dismissed.
The Supreme Court also properly granted that branch of the third-party defendants' motion which was to dismiss the second cause of action, which pertained to the sale of the Saugerties property. "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative" (Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 848 [citations omitted]). With respect to the Saugerties property, Hobbick alleged that the third-party defendants were negligent because they failed to secure a written agreement with the co-tenant regarding the allocation of sale proceeds before, as opposed to after, listing the property for sale. However, Hobbick's allegation that he would have reached a more favorable agreement with the co-tenant had the agreement been reached prior to the listing of the property is conclusory and speculative (see Janker v Silver, Forrester & Lesser, P.C., 135 AD3d 908, 910; Bua v Purcell & Ingrao, P.C., 99 AD3d at 848). Additionally, while Hobbick alleged that the third-party defendants failed to advise him about the tax consequences of the sale, he did not allege any particular tax consequences that he incurred as a result of the sale. Accordingly, Hobbick failed to state a cause of action to recover damages for legal malpractice with respect to the Saugerties property, such that the second cause of action of the third-party complaint was properly dismissed.
In light of our determination, we need not reach the parties' remaining contentions.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court