Edelman v Berman (2021 NY Slip Op 04120)





Edelman v Berman


2021 NY Slip Op 04120


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-06313
 (Index No. 609410/18)

[*1]Beila Edelman, etc., appellant-respondent,
v
Robert Berman, et al., defendants-respondents, Sam Singer, et al., respondents-appellants.


Novak, Juhase & Stern, LLP, Cedarhurst, NY (Alexander Novak of counsel), for appellant-respondent.
Ershowsky P.C. (Michael B. Ershowsky of counsel), for respondents-appellants.
Michael J. Marcellino, Williston Park, NY, for defendant-respondent Robert Berman.
Furman, Kornfeld & Brennan LLP, New York, NY (Andrew S. Kowlowitz and Daniel Butler of counsel), for defendants-respondents Robert Wisnicki and Wisnicki & Associates.



DECISION & ORDER
In an action, inter alia, for rescission of deeds pursuant to Real Property Law § 265-a and to recover damages for fraud and legal malpractice, the plaintiff appeals, and the defendants Sam Singer and Singer Group Corp. cross-appeal, from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered May 15, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Robert Wisnicki and Wisnicki & Associates which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them, and denied the plaintiff's cross motion, inter alia, for summary judgment on the cause of action for rescission of the deeds. The order, insofar as cross-appealed from, denied the motion of the defendants Sam Singer and Singer Group Corp. to direct the plaintiff to pay a certain sum pendente lite for use and occupancy of certain premises.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting that branch of the motion of the defendants Robert Wisnicki and Wisnicki & Associates which was pursuant to CPLR 3211(a)(7) to dismiss the causes of action to recover damages for legal malpractice and violation of Real Property Law § 265-a insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In 2006, the plaintiff and the defendant Robert Berman purchased real property located in Woodmere (hereinafter the subject property), which they acquired as joint tenants with a right of survivorship. The subject property was encumbered by a mortgage. The plaintiff and Berman defaulted on their mortgage obligations and a judgment of foreclosure and sale was entered in November 2017. On January 11, 2018, before the foreclosure auction was to be held, the property was sold to the defendant Singer Group Corp. (hereinafter together with the defendant Sam Singer, [*2]the Singer defendants). The defendant Haim Goldstein allegedly acted as the real estate broker for the sale. The defendant Robert Wisnicki, as the principal of the defendant Wisnicki & Associates (hereinafter together the Wisnicki defendants), attended the closing, drafted the deeds and other closing documents, and acted as the settlement agent. Following the closing, the plaintiff and her family continued to occupy the property.
Subsequently, the plaintiff commenced the instant action, inter alia, for rescission of the deeds pursuant to Real Property Law § 265-a, and to recover damages for fraud and legal malpractice. The Wisnicki defendants moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. The Singer defendants separately moved to direct the plaintiff to pay a certain sum pendente lite for her use and occupancy of the subject property. The plaintiff cross-moved for summary judgment on the cause of action for rescission of the deeds and on certain claims against Goldstein.
By order entered May 15, 2019, the Supreme Court, among other things, granted that branch of the Wisnicki defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them, denied the Singer defendants' separate motion, and denied the plaintiff's cross motion. The plaintiff appeals, and the Singer defendants cross-appeal.
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Shah v Exxis, Inc., 138 AD3d 970, 971). "Where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed" (Bodden v Kean, 86 AD3d 524, 526).
Applying this standard, the Supreme Court properly granted that branch of the Wisnicki defendants' motion which was to dismiss the cause of action to recover damages for fraud insofar as asserted against them. "The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (Mitchell v Diji, 134 AD3d 779, 780 [internal quotation marks omitted]). "When a plaintiff brings a cause of action based upon fraud, 'the circumstances constituting the wrong shall be stated in detail'" (Sargiss v Magarelli, 12 NY3d 527, 530, quoting CPLR 3016[b]). Here, the complaint did not allege in any detail any misrepresentations that were made to the plaintiff by the Wisnicki defendants or of which the Wisnicki defendants had knowledge.
However, the Supreme Court erred in granting those branches of the Wisnicki defendants' motion which were to dismiss the causes of action alleging legal malpractice and violation of Real Property Law § 265-a insofar as asserted against them. As to the legal malpractice cause of action, the Wisnicki defendants contend that they had no attorney-client relationship with the plaintiff. An attorney-client relationship may arise even in the absence of a written retainer agreement, and a court must look to the words and actions of the parties to determine whether such a relationship exists (see Tropp v Lumer, 23 AD3d 550, 551). Here, according the plaintiff the benefit of every favorable inference, she sufficiently alleged the existence of an attorney-client relationship (see Hall v Hobbick, 192 AD3d 776; see also Tropp v Lumer, 23 AD3d at 551).
An action for damages or equitable relief for violations of Real Property Law § 265-a may be commenced against, among others, "a person who in any manner solicits, induces, arranges, or causes any equity seller to transfer title . . . to [a] residence in foreclosure" (Real Property Law § 265-a[2][j]; see id. § 265-a[2][e]; [9]). Here, construing the allegations in the light most favorable to the plaintiff, the facts alleged state a cognizable cause of action against the Wisnicki defendants for violation of Real Property Law § 265-a.
The Supreme Court properly denied the plaintiff's cross motion, inter alia, for summary judgment on the cause of action for rescission of the deeds. The plaintiff failed to tender sufficient evidence demonstrating the absence of triable issues of fact on the causes of action pursuant to Real Property Law § 265-a and against Goldstein. In light of the plaintiff's failure to meet her burden, it is unnecessary to consider the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Furthermore, as the Supreme Court properly determined, the Singer defendants failed to demonstrate their entitlement to an award of use and occupancy pendente lite (see El Gallo Meat Mkt. v Gallo Mkt., 286 AD2d 255).
HINDS-RADIX, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court