Ripa v Petrosyants (2022 NY Slip Op 01336)





Ripa v Petrosyants


2022 NY Slip Op 01336


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-10790
 (Index No. 510658/17)

[*1]Vyacheslav S. Ripa, et al., appellants-respondents,
v
Zhan Petrosyants, et al., defendants, Akiva Ofshtein, et al., respondents-appellants.


Turturro Law, P.C., Brooklyn, NY (Natraj S. Bhushan of counsel), for appellant-respondent Vyacheslav S. Ripa.
Ofshtein Law Firm, P.C., Brooklyn, NY (Akiva Ofshtein pro se and Edelstein & Grossman [Jonathan I. Edelstein], of counsel), respondent-appellant pro se and for respondents-appellants Akiva Ofshtein, Akiva Ofshtein, P.C., Prime One Catering, Inc., Prime Four, Inc., Prime Five, Inc., 242 Wood Food, Inc., and Prime Six, Inc.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and legal malpractice, the plaintiffs appeal, and the defendants Akiva Ofshtein, Akiva Ofshtein, P.C., Ofshtein Law Firm, P.C., Prime One Catering, Inc., Prime Four, Inc., Prime Five, Inc., 242 Wood Food, Inc., and Prime Six, Inc., cross-appeal, from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated August 15, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Akiva Ofshtein, Akiva Ofshtein, P.C., and Ofshtein Law Firm, P.C., which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for legal malpractice. The order, insofar as cross-appealed from, denied that branch of the motion of the defendants Akiva Ofshtein, Akiva Ofshtein, P.C., and Ofshtein Law Firm, P.C., which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for breach of contract insofar as asserted against the defendant Akiva Ofshtein.
ORDERED that the appeal by the plaintiffs Emil Blank, Vadim Shubaderov, and Oleg Egorov is dismissed as abandoned; and it is further,
ORDERED that the cross appeal by the defendants Prime One Catering, Inc., Prime Four, Inc., Prime Five, Inc., 242 Wood Food, Inc., and Prime Six, Inc., is dismissed, as those defendants are not aggrieved by the portion of the order cross-appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157).
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Akiva Ofshtein, Akiva Ofshtein, P.C., and Ofshtein Law Firm, P.C., which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for legal malpractice, and substituting therefor a provision granting that branch of the motion only to the extent of directing dismissal of so much of that cause of action as sought to recover treble damages pursuant to Judiciary Law § 487 and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from by the plaintiff Vyacheslav [*2]S. Ripa and cross-appealed from by the defendants Akiva Ofshtein, Akiva Ofshtein, P.C., and Ofshtein Law Firm, P.C.; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff Vyacheslav S. Ripa.
The plaintiff Vyacheslav S. Ripa (hereinafter the plaintiff) alleges that beginning in 2013, at the behest of the defendants Zhan Petrosyants, Robert Petrosyants, and Akiva Ofshtein (hereinafter collectively the individual defendants), he invested approximately $340,000 into a venture with the goal of opening a seafood restaurant in Brooklyn. According to the plaintiff, however, those funds were diverted to other sources in which the plaintiff had no interest. In 2016, this action was commenced against, among others, Ofshtein and the defendants Akiva Ofshtein, P.C., and Ofshtein Law Firm, P.C. (hereinafter collectively the Ofshtein defendants). The complaint asserted, inter alia, a cause of action to recover damages for legal malpractice against the Ofshtein defendants and a cause of action to recover damages for breach of contract against the individual defendants.
Subsequently, the Ofshtein defendants moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them. The Supreme Court, among other things, granted that branch of the Ofshtein defendants' motion which was to dismiss the legal malpractice cause of action and denied that branch of their motion which was to dismiss the breach of contract cause of action insofar as asserted against Ofshtein.
"A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Mawere v Landau, 130 AD3d 986, 987 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Hall v Hobbick, 192 AD3d 776, 777). In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Mawere v Landau, 130 AD3d at 988 [internal quotation marks omitted]; see Hall v Hobbick, 192 AD3d at 777-778).
Here, the Supreme Court erred in granting dismissal of the legal malpractice cause of action based upon the plaintiff's failure to produce evidence of an attorney-client relationship. An attorney-client relationship does not depend on the existence of a formal retainer agreement (see Hall v Hobbick, 192 AD3d at 778), and the plaintiff had no obligation to demonstrate evidentiary facts to support the allegations contained in the complaint (see Doe v Ascend Charter Schs., 181 AD3d 648, 650; Stuart Realty Co. v Rye Country Store, 296 AD2d 455, 456). Furthermore, the complaint sufficiently alleges the existence of an attorney-client relationship between the plaintiff and the Ofshtein defendants (see McLenithan v McLenithan, 273 AD2d 757, 759-760), as well as the other elements of legal malpractice, including damages, to support a legal malpractice cause of action (see Mawere v Landau, 130 AD3d at 990; Sitar v Sitar, 50 AD3d 667, 669-670). However, to the extent the plaintiff seeks an award of treble damages in the context of the legal malpractice cause of action, it fails to state a cause of action pursuant to Judiciary Law § 487 (see Pszeniczny v Horn, 193 AD3d 1091; Gorbatov v Tsirelman, 155 AD3d 836, 840). Accordingly, the court should have granted that branch of the Ofshtein defendants' motion which was to dismiss the legal malpractice cause of action only to the extent of directing dismissal of so much of that cause of action as sought to recover treble damages pursuant to Judiciary Law § 487 and otherwise should have denied that branch of the motion.
The Supreme Court properly denied that branch of the Ofshtein defendants' motion which was to dismiss the breach of contract cause of action insofar as asserted against Ofshtein. Contrary to the Ofshtein defendants' contention, the plaintiff did not have a burden to provide extrinsic evidence to support his allegations regarding an alleged oral contract or its terms (see Doe v Ascend Charter Schs., 181 AD3d at 650; Stuart Realty Co. v Rye Country Store, 296 AD2d at 456). Further, to the extent certain checks may constitute documentary evidence (see Big Blue Prods., Inc. [*3]v Arlia, 187 AD3d 1118, 1119), they did not utterly refute the plaintiff's factual allegations. Payments to a third party can be used to show performance in a breach of contract action (see Shah v Exxis, Inc., 138 AD3d 970, 972-973).
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court