Blank v Petrosyants (2022 NY Slip Op 01283)





Blank v Petrosyants


2022 NY Slip Op 01283


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2020-00083
 (Index No. 517568/19)

[*1]Emil Blank, et al., appellants-respondents, 
v
Zhan Petrosyants, et al., defendants, Akiva Ofshtein, et al., respondents-appellants.


Turturro Law, P.C., Brooklyn, NY (Natraj S. Bhushan of counsel), for appellants-respondents.
Ofshtein Law Firm, P.C., Brooklyn, NY (Akiva Ofshtein pro se and Edelstein & Grossman [Jonathan I. Edelstein], of counsel), respondent-appellant pro se and for respondents-appellants Akiva Ofshtein and Ofshtein Law Firm, P.C.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and legal malpractice, the plaintiffs appeal, and the defendants Akiva Ofshtein, Akiva Ofshtein, P.C., and Ofshtein Law Firm, P.C., cross-appeal, from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated December 19, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Akiva Ofshtein, Akiva Ofshtein, P.C., and Ofshtein Law Firm, P.C., made jointly with the defendants Prime Four, Inc., 242 Wood Food, Inc., and Prime Six, Inc., which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for legal malpractice. The order, insofar as cross-appealed from, denied that branch of the motion of the defendants Akiva Ofshtein, Akiva Ofshtein, P.C., and Ofshtein Law Firm, P.C., made jointly with the defendants Prime Four, Inc., 242 Wood Food, Inc., and Prime Six, Inc., which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for breach of contract insofar as asserted against the defendant Akiva Ofshtein by the plaintiffs Vadim Shubaderov and Oleg Egorov.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendants Akiva Ofshtein, Akiva Ofshtein, P.C., and Ofshtein Law Firm, P.C., made jointly with the defendants Prime Four, Inc., 242 Wood Food, Inc., and Prime Six, Inc., which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for legal malpractice insofar as asserted by the plaintiffs Vadim Shubaderov and Oleg Egorov, and substituting therefor a provision granting that branch of the motion only to the extent of directing dismissal of so much of that cause of action insofar as asserted by those plaintiffs as sought to recover treble damages pursuant to Judiciary Law § 487 and otherwise denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendants Akiva Ofshtein, Akiva Ofshtein, P.C., and Ofshtein Law Firm, P.C., made jointly with the defendants Prime Four, Inc., 242 Wood Food, Inc., and Prime Six, Inc., which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for breach of contract insofar as asserted against the defendant Akiva Ofshtein by the plaintiff Oleg Egorov, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the defendants Akiva Ofshtein, [*2]Akiva Ofshtein, P.C., and Ofshtein Law Firm, P.C.
The plaintiffs, Emil Blank, Vadim Shubaderov, and Oleg Egorov, allege that beginning in late 2013, at the behest of the defendants Zhan Petrosyants and Robert Petrosyants, they invested monies in a catering venture, but the monies were improperly diverted to other sources in which the plaintiffs had no interest. The plaintiffs commenced this action against, among others, the defendants Akiva Ofshtein, Akiva Ofshtein, P.C., and Ofshtein Law Firm, P.C. (hereinafter collectively the Ofshtein defendants), inter alia, to recover damages for breach of contract and legal malpractice. The Ofshtein defendants moved jointly with the defendants Prime Four, Inc., 242 Wood Food, Inc., and Prime Six, Inc. (hereinafter collectively the moving defendants), pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In an order dated December 19, 2019, the Supreme Court, inter alia, granted that branch of the motion which was to dismiss the legal malpractice cause of action and denied that branch of the motion which was to dismiss the breach of contract cause of action insofar as asserted against Ofshtein by Shubaderov and Egorov. The plaintiffs appeal, and the Ofshtein defendants cross-appeal.
"A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Mawere v Landau, 130 AD3d 986, 987 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Hall v Hobbick, 192 AD3d 776, 777). In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Mawere v Landau, 130 AD3d at 988 [internal quotation marks omitted]; see Hall v Hobbick, 192 AD3d at 777-778).
Here, the Supreme Court erred in granting that branch of the moving defendants' motion which was to dismiss the legal malpractice cause of action insofar as asserted by Shubaderov and Egorov. Granting all favorable inferences to the plaintiffs, the allegations in the complaint are sufficient to plead the existence of an attorney-client relationship between the Ofshtein defendants and Shubaderov and Egorov, and that the Ofshtein defendants committed legal malpractice and breached their fiduciary duties to those plaintiffs (see Mawere v Landau, 130 AD3d at 990; Sitar v Sitar, 50 AD3d 667, 669-670). However, to the extent Shubaderov and Egorov seek an award of treble damages in the context of the legal malpractice cause of action, it fails to state a cause of action pursuant to Judiciary Law § 487 (see Pszeniczny v Horn, 193 AD3d 1091; Gorbatov v Tsirelman, 155 AD3d 836, 840). Accordingly, the court should have granted that branch of the motion which was to dismiss the legal malpractice cause of action insofar as asserted by Shubaderov and Egorov only to the extent of directing dismissal of so much of that cause of action insofar as asserted by those plaintiffs as sought to recover treble damages pursuant to Judiciary Law § 487 and otherwise should have denied that branch of the motion.
Moreover, the Supreme Court should have granted that branch of the moving defendants' motion which was to dismiss the breach of contract cause of action insofar as asserted against Ofshtein by Egorov. The essential elements of a breach of contract cause of action are "the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages" (Liberty Equity Restoration Corp. v Maeng-Soon Yun, 160 AD3d 623, 626 [internal quotation marks omitted]; see Stewart v Berger, 192 AD3d 940, 941). Here, Egorov was not a party to or intended beneficiary of the escrow agreement that the plaintiffs allege Ofshtein breached, and thus, Egorov cannot recover for an alleged breach of this agreement.
The parties' remaining contentions either are without merit or need not be addressed.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court