Joseph v Fensterman (2022 NY Slip Op 02398)

Joseph v Fensterman

2022 NY Slip Op 02398

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2018-03623
 (Index No. 10021/15)

[*1]Stanley Joseph, etc., et al., appellants,
v
Howard Fensterman, et al., respondents (and another caption).

Fryman, P.C., Valley Stream, NY (David J. Fryman, Rusk, Wadlin, Heppner & Martuscello, LLP [E. Michael Kavanagh], and Lynn Gartner Dunne, LLP [Kenneth L. Gartner], of counsel), for appellants.
Law Office of Steven Cohn, P.C., Carle Place, NY (Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP [Keith J. Singer], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for violations of Judiciary Law § 487 and legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), dated January 3, 2018. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first through sixth, eighth, tenth, thirteenth, and fourteenth causes of action in the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, second, fourth, thirteenth, and fourteenth causes of action, and the sixth and tenth causes of action insofar as asserted against the defendants Lori Fensterman, Jordan Fensterman, and Staci Fensterman, and substituting therefor provisions denying those branches of the defendants' motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the plaintiffs.
In November 2014, the plaintiffs commenced this action, inter alia, to recover damages for violations of Judiciary Law § 487 and legal malpractice. The plaintiffs thereafter amended the complaint, asserting, as is relevant to this appeal, causes of action to recover damages for violations of Judiciary Law § 487, fraud, legal malpractice, breach of fiduciary duty, tortious interference with prospective business relations, breach of contract, and an accounting. The defendants then moved, inter alia, pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the amended complaint. As is relevant to this appeal, in an order dated January 3, 2018, the Supreme Court granted those branches of the defendants' motion which were to dismiss the first through sixth, eighth, tenth, thirteenth, and fourteenth causes of action in the amended complaint. The plaintiffs appeal.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Gorbatov v Tsirelman, 155 AD3d 836, 837). "'Whether a plaintiff can [*2]ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1329, quoting EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; see Carlson v American Intl. Group, Inc., 30 NY3d 288, 298).
The Supreme Court should have denied that branch of the defendants' motion which was to dismiss the first cause of action in the amended complaint, which sought to recover damages for violations of Judiciary Law § 487 related to the defendants' representation of the plaintiffs in a litigation concerning the sale of the plaintiffs' interests in three skilled nursing facilities known as New Franklin, Fort Tyron, and Split Rock (hereinafter the New Franklin litigation). An attorney is liable under Judiciary Law § 487(1) if he or she "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party," and under Judiciary Law § 487(2) if he or she "[w]illfully delays his [or her] client's suit with a view to his [or her] own gain" (see Melcher v Greenberg Traurig, LLP, 23 NY3d 10, 12; Gorbatov v Tsirelman, 155 AD3d at 838). "'Allegations regarding an act of deceit . . . must be stated with particularity'" (Gorbatov v Tsirelman, 155 AD3d at 838, quoting Facebook, Inc. v DLA Piper LLP [US], 134 AD3d 610, 615).
Here, the first cause of action adequately pleaded a claim to recover damages for violations of Judiciary Law § 487 (see Bianco v Law Offs. of Yuri Prakhin, 189 AD3d at 1329), as it alleged that the defendants Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP (hereinafter the law firm), Howard Fensterman, and Sarah C. Lichtenstein intentionally interfered with the settlement of the New Franklin litigation, causing years of additional litigation, in order to generate legal fees in the amount of $1.7 million, which amount the plaintiffs alleged was paid from the proceeds of the sale of the skilled nursing facilities. The plaintiffs alleged that they were entitled to a portion of those proceeds. The amended complaint also alleged that Howard Fensterman made false statements to the plaintiffs, and filed a motion without the plaintiffs' knowledge or consent. The Supreme Court's determination that Howard Fensterman's conduct during the settlement of the New Franklin litigation "was simply a product of his conflict of interest in representing both buyers and sellers in the New Franklin and Fort Tyron transactions" is a premature factual finding inappropriate at this stage of the litigation (see Warney v State of New York, 16 NY3d 428, 436-437; Matter of Gerard P. v Paula P., 186 AD3d 934, 938).
The Supreme Court also should have denied that branch of the defendants' motion which was to dismiss the second cause of action, to recover damages for fraud the plaintiffs allege was perpetrated against the plaintiff Anthony Bacchi and Martin Farbenblum, the decedent of the plaintiff Stanley Joseph, by the law firm and Howard Fensterman. "'The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages'" (Emby Hosiery Corp. v Tawil, 196 AD3d 462, 464, quoting Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). "'When a plaintiff brings a cause of action based upon fraud, the circumstances constituting the wrong shall be stated in detail'" (Edelman v Berman, 195 AD3d 995, 997, quoting Sargiss v Magarelli, 12 NY3d 527, 530 [internal quotation marks omitted]; see CPLR 3016[b]). "However, the pleading requirements of CPLR 3016(b) may be met when the facts are sufficient to permit a reasonable inference of the alleged conduct" (Berkovits v Berkovits, 190 AD3d 911, 915; see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492).
Here, the second cause of action pleaded with the necessary particularity the elements of fraud against the law firm and Howard Fensterman (see Emby Hosiery Corp. v Tawil, 196 AD3d at 465). Contrary to the defendants' contention, "'[a] false statement, promissory in nature, may be deemed the statement of a material existing fact, because it falsely represents the [declarant's] state of mind and the state of his [or her] mind is a fact'" (Neckles Bldrs., Inc. v Turner, 117 AD3d 923, 925, quoting Tribune Print. Co. v 263 Ninth Ave. Realty, 57 NY2d 1038, 1041 [internal quotation marks omitted]). Viewed in the light most favorable to the plaintiffs, the second cause of action alleged, inter alia, that Howard Fensterman and the law firm promised to transfer a 10% membership interest in a skilled nursing facility known as Bay Park Center for Nursing and Rehabilitation, LLC (hereinafter the Bay Park Operating Company), to Martin Farbenblum and another 10% interest to Bacchi, after the acquisition of the Bay Park Operating Company closed, if Martin Farbenblum and Bacchi made capital contributions to the Bay Park Operating Company. The second cause of action also alleged, among other things, that Howard Fensterman and the law firm made that promise while [*3]harboring an undisclosed intention never to transfer those 10% membership interests and that Martin Farbenblum and Bacchi detrimentally relied on this representation by Howard Fensterman and the law firm by making the full capital contribution (see Neckles Bldrs., Inc. v Turner, 117 AD3d at 925-926).
Contrary to the plaintiffs' contention, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the third cause of action, to recover damages for legal malpractice against the law firm, Howard Fensterman, Robert Fensterman, Kathleen Eisman, as executor of the estate of Steven J. Eisman, and Patrick Formato (hereinafter collectively the Operating Company attorneys) based upon their representation of Martin Farbenblum and Bacchi in the Bay Park Operating Company acquisition. "'To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages'" (Lopez v Lozner & Mastropietro, P.C., 166 AD3d 871, 873, quoting Dempster v Liotti, 86 AD3d 169, 176).
"'An action to recover damages arising from legal malpractice must be commenced within three years, computed from the time the cause of action accrued to the time the claim is interposed'" (Schrull v Weis, 166 AD3d 829, 831, quoting 3rd & 6th, LLC v Berg, 149 AD3d 794, 795; see CPLR 214[6]). "In moving to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, the moving defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired. The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (Schrull v Weis, 166 AD3d at 831 [internal quotation marks omitted]; see Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d 788, 789).
Pursuant to the doctrine of continuous representation, "'the time within which to sue on the [cause of action] is tolled until the attorney's continuing representation of the client with regard to the particular matter terminates'" (Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d at 789, quoting Aqua-Trol Corp. v Wilentz, Goldman & Spitzer, P.A., 144 AD3d 956, 957). "For the continuous representation doctrine to apply, 'there must be clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney'" (Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d at 789, quoting Luk Lamellen U. Kupplungbau GmbH v Lerner, 166 AD2d 505, 506; see Schrull v Weis, 166 AD3d at 831).
Here, the defendants demonstrated, prima facie, that the third cause of action was untimely. In opposition, the plaintiffs failed to raise a question of fact as to whether the continuous representation doctrine or any other legal basis applied to toll the statute of limitations (see Potenza v Giaimo, 165 AD3d 1186, 1187-1188). Although the amended complaint alleged that the Operating Company attorneys told the plaintiffs they would return Martin Farbenblum and Bacchi's full 10% interests to them through 2013, there is no allegation that the Operating Company attorneys provided legal representation to the plaintiffs after 2009. "Application of the continuous representation . . . doctrine is . . . generally limited to the course of representation concerning a specific legal matter," not merely a continuing relation between the attorney and client (Shumsky v Eisenstein, 96 NY2d 164, 168).
The Supreme Court should have denied that branch of the defendants' motion which sought dismissal of the fourth cause of action, to recover damages for legal malpractice against the law firm, Howard Fensterman, and Lichtenstein based upon their representation of the plaintiffs in the New Franklin litigation. As an initial matter, the record raises "a question of fact as to whether the applicable statute of limitations was tolled by the continuous representation doctrine" (Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d at 790). Moreover, "accepting the facts alleged in the complaint as true, and according the plaintiff[s] the benefit of every possible favorable inference, the plaintiff[s] stated a cause of action to recover damages for legal malpractice" (Lopez v Lozner & Mastropietro, P.C., 166 AD3d at 873).
The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the fifth cause of action, to recover damages for legal malpractice against the law firm, Howard Fensterman, Formato, and Mark Frimmel based upon their representation of the plaintiffs during the acquisition of the property on which the Bayview Nursing and Rehabilitation Center is located. Accepting the allegations in the amended complaint as true, the fifth cause of action failed to set forth facts sufficient to allege that those defendants' purported negligence proximately caused the plaintiffs to sustain actual and ascertainable damages (see Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d 812, 813; Siwiec v Rawlins, 103 AD3d 703, 704).
The Supreme Court properly granted those branches of the defendants' motion which were to dismiss the sixth cause of action, to recover damages for breach of fiduciary duty, and the tenth cause of action, to recover damages for breach of contract, insofar as those causes of action were asserted against the Operating Company attorneys, as those causes of action were duplicative of the third cause of action, alleging legal malpractice (see Atallah v Milbank, Tweed, Hadley & McCloy, LLP, 168 AD3d 1026, 1029; Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d at 813-814). However, the sixth and tenth causes of action adequately pleaded causes of action for breach of fiduciary duty and breach of contract, respectively, against Staci Fensterman, Lori Fensterman, and Jordan Fensterman, the remaining defendants named in those causes of action (see Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673, 676; Quinones v Schaap, 91 AD3d 739, 741).
The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the eighth cause of action, against Howard Fensterman, to recover damages for tortious interference with prospective business relations. "To prevail on a claim for tortious interference with business relations in New York, a party must prove (1) that it had a business relationship with a third party; (2) that the defendant knew of that relationship and intentionally interfered with it; (3) that the defendant acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort; and (4) that the defendant's interference caused injury to the relationship with the third party" (Amaranth LLC v JP Morgan Chase & Co., 71 AD3d 40, 47). Conduct constituting tortious interference with business relations is, "by definition, conduct directed not at the plaintiff . . . but at the party with which the plaintiff has or seeks to have a relationship" (Carvel Corp. v Noonan, 3 NY3d 182, 192).
Here, the eighth cause of action alleged that, by making threats to the plaintiffs, Howard Fensterman interfered with a prospective business deal between the plaintiffs and nonparty Bent Philipson which would have resulted, inter alia, in the plaintiffs' acquisition of a 40% interest in the Bay Park Operating Company. However, as the Supreme Court determined, the amended complaint does not allege that Howard Fensterman exercised any unlawful pressure on Philipson, the party with whom the plaintiffs sought to have a relationship (see Posner v Lewis, 18 NY3d 566, 570 n 2; Carvel Corp. v Noonan, 3 NY3d at 192).
Finally, the Supreme Court should have denied those branches of the defendants' motion which were to dismiss the thirteenth and fourteenth causes of action, which each sought an accounting. Contrary to the court's determination that the plaintiffs were ineligible to be members of the Bay Park Operating Company, the amended complaint alleged that the character and competence issues that were causing Martin Farbenblum and Bacchi to be ineligible had been resolved by 2009, and the defendants submitted evidence in support of their motion which demonstrated that by December 2009 Martin Farbenblum and Bacchi each held a 2.5% interest in the Bay Park Operating Company.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court