Buchanan v Law Offs. of Sheldon E. Green, P.C. (2023 NY Slip Op 01979)

Buchanan v Law Offs. of Sheldon E. Green, P.C.

2023 NY Slip Op 01979

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2021-01358
 (Index No. 604608/20)

[*1]Lauri A. Buchanan, etc., et al., respondents,
v
Law Offices of Sheldon E. Green, P.C., defendant, Holly Ostrov-Ronai, etc., appellant.

Kaufman Dolowich Voluck, LLP, Woodbury, NY (Brett A. Scher and Adam Nicolazzo of counsel), for appellant.
Caitlin Robin & Associates, PLLC, New York, NY (Caitlin A. Robin and Mark A.
Laughlin of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendant Holly Ostrov-Ronai appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered February 4, 2021. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Holly Ostrov-Ronai which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice insofar as asserted against her is granted.
The plaintiffs, in their individual capacities and as administrators of the estate of the decedent Cydney Buchanan (hereinafter the decedent), commenced this action against the defendant Holly Ostrov-Ronai and the defendant Law Offices of Sheldon E. Green, P.C. (hereinafter the Law Offices), inter alia, to recover damages for legal malpractice.
Ostrov-Ronai moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the cause of action alleging legal malpractice insofar as asserted against her. The plaintiffs opposed the motion. In an order entered February 4, 2021, the Supreme Court, among other things, denied that branch of the motion. Ostrov-Ronai appeals.
"A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Mawere v Landau, 130 AD3d 986, 987 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Mawere v Landau, 130 AD3d at 988 [internal quotation marks omitted]). When evidentiary material is considered by the court on [*2]a motion pursuant to CPLR 3211(a)(7), "the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, the Supreme Court properly denied dismissal of the cause of action alleging legal malpractice insofar as asserted against Ostrov-Ronai pursuant to CPLR 3211(a)(1) and (7) on the ground that no attorney-client relationship existed between the plaintiffs and her. Contrary to Ostrov-Ronai's contention, her submission of a document which she characterized as a retainer agreement between the plaintiffs and the Law Offices failed to conclusively establish that no attorney-client relationship existed between her and the plaintiffs (see id. § 3211[a][1]), and failed to demonstrate conclusively that a material fact as claimed by the plaintiffs "is not a fact at all" (Guggenheimer v Ginzburg, 43 NY2d at 275). "[A]n attorney-client relationship does not depend [upon] the existence of a formal retainer agreement" (Moran v Hurst, 32 AD3d 909, 911; see Ripa v Petrosyants, 203 AD3d 770, 772; Hall v Hobbick, 192 AD3d 776, 778). Rather, "a court must look to the words and actions of the parties to determine whether such a relationship exists" (Edelman v Berman, 195 AD3d 995, 997; see Moran v Hurst, 32 AD3d at 911).
Further, the complaint sufficiently alleged the existence of an attorney-client relationship between the plaintiffs and Ostrov-Ronai by alleging, among other things, that the plaintiffs contacted her "to discuss the possibility of bringing a lawsuit against [the treatment facility] and the individual medical providers that were involved in [the decedent's] death," and that she along with the Law Offices "consented to represent Plaintiffs in bringing the underlying lawsuit." According the plaintiffs the benefit of every possible favorable inference (see Mawere v Landau, 130 AD3d at 990), such allegations are sufficient to demonstrate the existence of an attorney-client relationship (see Edelman v Berman, 195 AD3d at 997; Hall v Hobbick, 192 AD3d at 778).
However, the Supreme Court erred in denying dismissal of the cause of action alleging legal malpractice insofar as asserted against Ostrov-Ronai pursuant to CPLR 3211(a)(7) on the ground that the plaintiffs failed to adequately allege proximate cause. "To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (Dempster v Liotti, 86 AD3d 169, 176 [internal quotation marks omitted]; see Joseph v Fensterman, 204 AD3d 766, 770; Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1506; Lopez v Lozner & Mastropietro, P.C., 166 AD3d 871, 873). The statements in the complaint must be "sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (CPLR 3013; see Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC, 31 NY3d 1090, 1091). "[B]are legal conclusions" do not suffice, and "[d]ismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141-142 [internal quotation marks omitted]).
Here, the plaintiffs alleged that the decedent died after a brief admission to a drug and behavioral treatment facility, that the defendants agreed to represent the plaintiffs in an underlying action against the treatment facility and the medical providers who treated the decedent, that the defendants committed legal malpractice by failing to timely complete service of process in an action commenced in state court and by failing to commence a wrongful death cause of action in federal court before the applicable statute of limitations expired, and that the defendants' failures resulted in the plaintiffs being unable to recover on their wrongful death causes of action. Absent from the complaint are any factual allegations relating to the basis for the plaintiffs' purported wrongful death causes of action against the treatment facility or medical providers.
Accepting the facts alleged in the complaint as true, and according the plaintiffs the benefit of every possible favorable inference, the complaint failed to set forth facts sufficient to [*3]allege that Ostrov-Ronai's purported negligence proximately caused the plaintiffs to sustain actual and ascertainable damages (see Joseph v Fensterman, 204 AD3d at 770-771). Even when considered with the documents submitted by the plaintiffs in opposition to the motion, the complaint failed to allege any facts tending to show that, but for Ostrov-Ronai's alleged negligence in failing to timely serve process in the state court action and in failing to timely commence an action in federal court, the plaintiffs would have achieved a more favorable outcome on their wrongful death causes of action (see Kennedy v H. Bruce Fischer, Esq., P.C., 78 AD3d 1016, 1018; see also Denisco v Uysal, 195 AD3d 989, 991; Weiner v Hershman & Leicher, 248 AD2d 193, 193; cf. Aristakesian v Ballon Stoll Bader & Nadler, P.C., 165 AD3d 1023, 1024). Accordingly, the Supreme Court should have granted that branch of Ostrov-Ronai's motion which was to dismiss the cause of action alleging legal malpractice insofar as asserted against her.
In light of our determination, we need not reach Ostrov-Ronai's remaining contention.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court