■ ADRIENNE NASH et al., Respondents, v J. L. OBERMAN et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of a resettled order of the Supreme Court, Kings County (Dowd, J.), dated January 2, 1985, as upon granting their respective motion and cross motion for summary judgment, granted the plaintiffs leave to replead.

Resettled order reversed insofar as appealed from, on the law and as a matter of discretion, with costs to the appellant Oberman payable by the respondents, and the plaintiffs are denied leave to replead.

The plaintiff Mrs. Nash alleged in a amended complaint, dated April 15, 1983, that she suffered a miscarriage as a result of acts of medical malpractice and negligence purportedly committed by the defendant Dr. Oberman. She further alleged that the defendant New York City Transit Authority (Transit Authority) was vicariously liable for the acts of its employee, Dr. Oberman.

By notice of motion, dated December 12, 1983, and notice of cross motion, dated December 28, 1983, both the defendants moved for summary judgment dismissing the complaint. The defendants argued that Workers' Compensation Law § 29 (6) provided the exclusive remedy for recovery of damages for acts of negligence committed by the plaintiff Adrienne Nash's employer or a coemployee. The plaintiffs, in opposition, alleged that the defendants' actions were intentionally designed to cause Mrs. Nash to suffer a miscarriage. Moreover, the plaintiffs maintain that the defendants blatantly disregarded a substantial risk that Mrs. Nash would suffer a miscarriage if compelled to work full time under stressful conditions.

Special Term correctly determined that Workers' Compensation Law § 29 (6) barred the plaintiffs from instituting a plenary action sounding in negligence or medical malpractice against Mrs. Nash's employer or coemployee. However, Special Term granted the plaintiffs leave to replead to assert a cause of action sounding in intentional tort, noting that

Workers' Compensation Law § 29 (6) does not bar intentional tort actions against coemployees or the employer *(see, Hirsch v Mastroianni,* 80 AD2d 633).

We find that Special Term should not have granted leave to replead. It is a truism that leave to amend a pleading will be freely granted *(see,* CPLR 3025 [b]). "It is likewise true that the merits of a proposed amendment will not be examined on the motion to amend—unless the insufficiency or lack of merit is clear and free from doubt (see *Goldstein v Brogan Cadillac Oldsmobile Corp.,* 90 AD2d 512; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:11, p 481)" *(Norman v Ferrara,* 107 AD2d 739, 740; *accord, Barnes v County of Nassau,* 108 AD2d 50, 52). Furthermore, "[i]n cases where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, leave should be denied" *(Norman v Ferrara, supra,* p 740).

To warrant an exception from the exclusive remedy provided by Workers' Compensation Law § 29 (6), the plaintiff "must allege an intentional or deliberate act by the employer directed at causing harm to" the plaintiff *(Mylroie v GAF Corp.,* 81 AD2d 994, 995, *affd* 55 NY2d 893; *see also, Orzechowski v Warner-Lambert Co.,* 92 AD2d 110, 113). In addition, allegations that the employer exposed the employee to a substantial risk of injury have been held insufficient to circumvent the exclusivity of the Workers' Compensation Law *(see, Orzechowski v Warner-Lambert Co., supra; Mylroie v GAF Corp., supra; Crespi v Ihrig,* 99 AD2d 717, 718, *affd* 63 NY2d 716).

The plaintiffs' allegations in the case at bar do not rise to the level required to fall outside the ambit of Workers' Compensation Law § 29 (6). Taking the plaintiffs' allegations as true, the defendants' conduct amounted, at most, to gross negligence or reckless conduct. The plaintiffs' remedy for such a wrong is that provided in the Workers' Compensation Law *(see, Mylroie v GAF Corp., supra,* at p 995; *Orzechowski v Warner-Lambert Co., supra,* p 113). Mollen, P. J., Gibbons, Thompson and Brown, JJ., concur.