■ BARBARA GAGLIARDI, Appellant, v DANIEL TRAPP et al., Respondents. [633 NYS2d 387] —In an action, *inter alia,* to recover damages for assault and negligence, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated June 28, 1993, as granted the branches of the defendants' motion for summary judgment pursuant to CPLR 3212 which were to dismiss the first, second, and third causes of action and granted the branches of the defendants' motion which were to dismiss the sixth and seventh causes of action pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a correction officer at Rikers Island, alleged in her amended complaint that she suffered great physical and mental harm and was disabled when she was punched in the face by the defendant Darrell Harris, a fellow correction officer, while she attempted to break up a fight between Harris

and another correction officer which occurred during the plaintiff's tour of duty. The plaintiff further alleged that her employers, the New York City Department of Correction and the City of New York, through their employees, "attempted to conceal the entire incident through acts of threat, harassment and coercion" and by reason of the foregoing "intentional and negligent conduct", were vicariously liable for the acts of their employees. She also alleged that the defendants discriminated against her on the basis of her sex, color, and/or national origin in violation of Executive Law § 296.

The Supreme Court correctly determined that since the plaintiff had already received benefits under the Workers' Compensation Law, she was barred from instituting an action sounding in negligence against her employer or coemployee (see, Workers' Compensation Law § 29 [6]; *Cunningham v State of New York*, 60 NY2d 248, 250-251; *Samba v Dalligard*, 116 AD2d 563; *see also, DiSpigna v Lutheran Med. Ctr. Parking*, 170 AD2d 645, 646). To warrant an exclusion from the exclusive remedy provision set forth under Workers' Compensation Law § 29 (6), the plaintiff " 'must allege an intentional or deliberate act by the employer directed at causing harm to' the plaintiff" *(Nash v Oberman*, 117 AD2d 724, 725, quoting *Mylroie v GAF Corp.*, 81 AD2d 994, 995, *affd* 55 NY2d 893; *see also, Orzechowski v Warner-Lambert Co.*, 92 AD2d 110). Allegations that the employer exposed the employee to a substantial risk of injury have been held insufficient to circumvent the exclusivity of the remedy provided by the Workers' Compensation Law *(see, Nash v Oberman, supra,* at 725; *Orzechowski v Warner-Lambert Co., supra; Mylroie v GAF Corp., supra; Crespi v Ihrig,* 99 AD2d 717, 718, *affd* 63 NY2d 716).

The plaintiff's allegations in the case at bar do not rise to the level required to fall outside the ambit of Workers' Compensation Law § 29 (6). Taking the plaintiff's allegations as true, the defendants' conduct amounted, at most, to gross negligence or reckless conduct. The plaintiff's remedy for such a wrong is that provided in the Workers' Compensation Law *(see, Nash v Oberman, supra; Mylroie v GAF Corp., supra,* at 995; *Orzechowski v Warner-Lambert Co., supra,* at 113).

The plaintiff's conclusory allegations that the City violated Executive Law § 296 are without support in the record and are, therefore, insufficient to establish a prima facie case of discrimination *(see, Matter of Maloff v City Commn. on Human Rights,* 46 NY2d 908, 910; *see also, Matter of Pace Univ. v New York City Commn. on Human Rights,* 85 NY2d 125, 128; *Hall v Paladino,* 210 AD2d 595, 596; *cf., Matter of McEniry v Landi,* 84 NY2d 554).

The plaintiff's remaining contentions are without merit. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.