■ MARY A. PFEIFFER, Appellant, v GENERAL ELECTRIC COMPANY, Respondent, et al., Defendants. [775 NYS2d 909]—

In an action, inter alia, to recover damages for sexual harassment, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Scarpino, J.), entered April 3, 2000, as granted those branches of the motion of the defendant General Electric Company which were for summary judgment dismissing the 15th and 19th causes of action, and the causes of action based on negligent retention, negligent supervision, and vicarious liability relating to the defendant Michael Blewitt insofar as asserted against it, (2) from an order of the same court (Scarpino, J.), entered September 19, 2000, which, inter alia, resettled the order entered April 3, 2000, (3) from an order of the same court (Murphy, J.) entered April 19, 2002, which granted the motion

of the defendant General Electric Company to reduce the damages awarded in favor of the plaintiff and against it, and (4) from a judgment of the same court (Murphy, J.), entered June 28, 2002, which, inter alia, upon a jury verdict awarding her damages in the sum of $100,000 against the defendant General Electric Company, and upon a prior settlement entered into between her and the defendants Doral Croton-on-Hudson Management Corp., Doral Hotel & Resorts Management Corp., and Andy Abels for the sum of $150,000, offset the jury verdict by the amount of the settlement.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff contends that the trial court erred in granting that branch of the motion of the defendant General Electric Company (hereinafter GE) which was for summary judgment dismissing the causes of action premised on vicarious liability for the conduct of its employee, the defendant Michael Blewitt. The jury found in favor of Blewitt on all the causes of action asserted against him. Since there was no primary liability upon which a claim for vicarious liability might rest (*see Karaduman v Newsday, Inc.,* 51 NY2d 531 [1980]), the plaintiff's argument is without merit.

The trial court properly offset the jury verdict against GE and in favor of the plaintiff by the amount of her prior settlement with other defendants (*see* General Obligations Law § 15-108 [a]). The settlement and the jury verdict were based on same injury (*see Whalen v Kawasaki Motors Corp., U.S.A.,* 92 NY2d 288 [1998]).

The trial court correctly removed from the jury the issue of punitive damages against GE. There is no indication that the conduct alleged by the plaintiff was part of a pattern directed at the public generally (*see Rocanova v Equitable Life Assur. Socy. of U.S.,* 83 NY2d 603, 613 [1994]). Moreover, GE did not authorize, participate in, consent to, or ratify its employees' conduct, such as would warrant an award of punitive damages against it (*see Judith M. v Sisters of Charity Hosp.,* 93 NY2d 932, 934 [1999]; *Loughry v Lincoln First Bank,* 67 NY2d 369, 378 [1986]).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Altman, S. Miller and Goldstein, JJ., concur.