■ JULIO CESAR ROJAS, Appellant, v MIOSOTIS FELIZ et al., Respondents, et al., Defendants. [808 NYS2d 372]—

In action, inter alia, to recover damages for conversion, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Tolbert, J.), entered October 20, 2004, which granted the motion of the defendant Wanda Y. Negron to dismiss the complaint insofar as asserted against her, and (2) an order of the same court entered December 15, 2004, which granted the oral application of the defendant Sayegh & Sayegh, P.C., to dismiss the complaint insofar as asserted against it.

Ordered that on the Court's own motion, the notice of appeal from the order entered December 15, 2004, is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [a] [3]); and it is further,

Ordered that the orders are affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Supreme Court properly dismissed the complaint insofar as asserted against the defendant Wanda Y. Negron (see Small v Lorillard Tobacco Co., 94 NY2d 43, 57 [1999]; Rastelli v Goodyear Tire & Rubber Co., 79 NY2d 289, 295 [1992]).

The plaintiff's theory of liability against the defendant Sayegh & Sayegh, P.C. (hereinafter the Sayegh firm) was one of vicarious liability, premised on Negron's alleged employment at that firm. Even assuming that she was so employed at the relevant

time, in light of our determination that the complaint was properly dismissed insofar as asserted against Negron, there is no basis for the imposition of vicarious liability against the Sayegh firm (*see Karaduman v Newsday, Inc.*, 51 NY2d 531, 545-546 [1980]; *Wende C. v United Methodist Church, N.Y. W. Area*, 6 AD3d 1047, 1052 [2004], *affd* 4 NY3d 293 [2005], *cert denied* — US —, 126 S Ct 346 [Oct. 3, 2005]). Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against that defendant. Florio, J.P., H. Miller, Spolzino and Dillon, JJ., concur.