■ JOSE PEREIRA, Respondent, v ST. JOSEPH'S CEMETERY et al., Appellants. [864 NYS2d 491]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered September 25, 2007, which denied their motion to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion to dismiss the complaint is granted.

The plaintiff was employed as a caretaker by the defendant St. Joseph's Cemetery (hereinafter the Cemetery). He alleges that fellow employees intentionally caused him to trip and fall and that he was thereby injured. The plaintiff commenced this lawsuit against the Cemetery, St. Joseph's Church (hereinafter the Church), and the Archdiocese of New York (hereinafter the Archdiocese). The complaint alleged, inter alia, that the Church and the Archdiocese "owned, leased, occupied, possessed, operated, maintained and controlled" the Cemetery, and that the defendants were negligent in failing to take any action against the plaintiff's fellow employees to prevent their conduct "despite being informed of [their] prior tortious conduct against the plaintiff." The defendants moved to dismiss the complaint arguing, inter alia, that the Workers' Compensation Law precluded the plaintiff's lawsuit. The Supreme Court denied the motion. We reverse.

The Workers' Compensation Law provides the exclusive remedy for an employee who seeks damages for unintentional injuries which he or she incurs in the course of employment (*see* Workers' Compensation Law §§ 10, 11, 29; *Reich v Manhattan Boiler & Equip. Corp.*, 91 NY2d 772 [1998]). "While an intentional tort may give rise to a cause of action outside the ambit of the Workers' Compensation Law, the complaint must allege 'an intentional or deliberate act by the employer directed at causing harm to this particular employee' " (*Fucile v Grand Union Co.*, 270 AD2d 227, 228 [2000], quoting *Mylroie v GAF Corp.*, 81 AD2d 994, 995 [1981], *affd* 55 NY2d 893 [1982]). " 'In order to constitute an intentional tort, the conduct must be

engaged in with the desire to bring about the consequences of the act; a mere knowledge and appreciation of a risk is not the same as the intent to cause injury' " (*Acevedo v Consolidated Edison Co. of N.Y.*, 189 AD2d 497, 501 [1993], quoting *Finch v Swingly*, 42 AD2d 1035, 1035 [1973]; *see Miller v Huntington Hosp.*, 15 AD3d 548 [2005]). Moreover, "[a]llegations that the employer exposed the employee to a substantial risk of injury have been held insufficient to circumvent the exclusivity of the remedy provided by the Workers' Compensation Law" (*Gagliardi v Trapp*, 221 AD2d 315, 316 [1995] [citation omitted]).

In the case at bar, even "accepting as true the factual averments of the complaint and according the plaintiff the benefits of all favorable inferences which may be drawn therefrom" (*Rochdale Vil. v Zimmerman*, 2 AD3d 827 [2003] [internal quotation marks omitted]), the plaintiff failed to state a legally cognizable cause of action against the Cemetery based upon an intentional tort. At most, the complaint makes claims which sound in negligent supervision. Accordingly, the plaintiff's allegations do not establish the elements of an intentional tort on the part of the Cemetery so as to fall under the exception to the exclusivity provision of Workers' Compensation Law § 29 (*see McNally v Posterloid Corp.*, 15 AD3d 456 [2005]; *Gagliardi v Trapp*, 221 AD2d 315, 316 [1995]; *Nash v Oberman*, 117 AD2d 724, 725 [1986]; *Crespi v Ihrig*, 99 AD2d 717 [1984], *affd* 63 NY2d 716 [1984]). Consequently, the Supreme Court should have dismissed the complaint insofar as asserted against the Cemetery.

Inasmuch as the complaint fails to state a cause of action against the Cemetery, it is axiomatic that the Church and the Archdiocese cannot be held liable under any theory of vicarious liability. A claim of vicarious liability cannot stand when "there is no primary liability upon which such a claim of vicarious liability might rest" (*Karaduman v Newsday, Inc.*, 51 NY2d 531, 546 [1980]; *see Rojas v Feliz*, 24 AD3d 652 [2005]). Nor does the complaint set forth any other basis upon which the Church or the Archdiocese could be held liable in this case. Therefore, the defendants' motion to dismiss the complaint in its entirety should have been granted (*see Pfeiffer v General Elec. Co.*, 7 AD3d 598 [2004]). Spolzino, J.P., Lifson, Dickerson and Chambers, JJ., concur.