Wijesinghe v Buena Vida Corp. (2022 NY Slip Op 06284)

Wijesinghe v Buena Vida Corp.

2022 NY Slip Op 06284

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2019-13615
 (Index No. 15824/14)

[*1]Victor Wijesinghe, et al., respondents, 
v
Buena Vida Corp., etc., defendant, Wyckoff Heights Medical Center, et al., appellants.

Arshack, Hajek & Lehrman, PLLC, New York, NY (Lynn Hajek of counsel), for appellant Wyckoff Heights Medical Center.
Vaslas Lepowsky Hauss & Danke, LLP, Staten Island, NY (Karen Hauss of counsel), for appellant Jude Ozuzu.
Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, New York, NY (Samantha E. Quinn of counsel), for appellant Bernard Chukwuneke.
Kuharski, Levitz & Giovinazzo, Staten Island, NY (Lonny Levitz of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendants Wyckoff Heights Medical Center, Jude Ozuzu, and Bernard Chukwuneke separately appeal from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated September 23, 2019. The order denied the separate motions of the defendants Wyckoff Heights Medical Center, Jude Ozuzu, and Bernard Chukwuneke for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed, on the law, with one bill of costs, and the separate motions of the defendants Wyckoff Heights Medical Center, Jude Ozuzu, and Bernard Chukwuneke for summary judgment dismissing the complaint insofar as asserted against each of them are granted.
The plaintiff Victor Wijesinghe (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action, alleging, inter alia, that the defendants Wyckoff Heights Medical Center (hereinafter Wyckoff), Jude Ozuzu, and Bernard Chukwuneke committed medical malpractice in treating the injured plaintiff following a slip-and-fall accident. Wyckoff, Ozuzu, and Chukwuneke (hereinafter collectively the moving defendants) separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court denied the motions, determining that the plaintiffs raised triable issues of fact in opposition to the moving defendants' respective prima facie showings. The moving defendants separately appeal.
"A defendant seeking summary judgment in a medical malpractice action bears the initial burden of establishing, prima facie, either that there was no departure from the applicable [*2]standard of care, or that any alleged departure did not proximately cause the plaintiff's injuries" (Michel v Long Is. Jewish Med. Ctr., 125 AD3d 945, 945; see Barrocales v New York Methodist Hosp., 122 AD3d 648, 649; Trauring v Gendal, 121 AD3d 1097, 1097; Berthen v Bania, 121 AD3d 732, 732). Where a defendant makes a prima facie showing on a motion for summary judgment, "the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (Spilbor v Styles, 191 AD3d 722, 723 [internal quotation marks omitted]; see Stukas v Streiter, 83 AD3d 18, 30). "General and conclusory allegations of medical malpractice, . . . unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (Myers v Ferrara, 56 AD3d 78, 84; see J.P. v Patel, 195 AD3d 852, 854). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996 [internal quotation marks omitted]; see Valentine v Weber, 203 AD3d 992, 993).
Here, Ozuzu and Chukwuneke each established their prima facie entitlement to judgment as a matter of law by submitting the affirmations of their medical experts, the injured plaintiff's medical records, and the transcripts of deposition testimony. This evidence demonstrated, prima facie, that Ozuzu and Chukwuneke did not depart from the applicable standard of care and that any alleged departures were not a proximate cause of the injured plaintiff's injuries (see Alvarez v Prospect Hosp., 68 NY2d 320, 325; Trauring v Gendal, 121 AD3d at 1098; Berthen v Bania, 121 AD3d at 733; Stukas v Streiter, 83 AD3d at 30-31). In opposition, the affirmation of the plaintiffs' expert offered merely conclusory and speculative assertions on the issue of proximate cause and, thus, failed to raise a triable issue of fact (see Zabary v North Shore Hosp. in Plainview, 190 AD3d 790, 794; Gilmore v Mihail, 174 AD3d 686, 687-688; Iodice v Giordano, 170 AD3d 971, 973). Accordingly, the Supreme Court should have granted the separate motions of Ozuzu and Chukwuneke for summary judgment dismissing the complaint insofar as asserted against each of them.
Further, the Supreme Court should have granted Wyckoff's motion for summary judgment dismissing the complaint insofar as asserted against it. Inasmuch as Ozuzu and Chukwuneke established that they could not be held liable, Wyckoff, as their employer, established that it could not be held liable under any theory of vicarious liability. A claim of vicarious liability cannot stand when "there is no primary liability upon which such a claim of vicarious liability might rest" (Karaduman v Newsday, Inc., 51 NY2d 531, 546; see Pereira v St. Joseph's Cemetery, 54 AD3d 835, 837; Rojas v Feliz, 24 AD3d 652). Nor does the complaint set forth any other basis upon which it could be held liable in this case.
Dismissal of the direct claim of medical malpractice mandates dismissal of the derivative cause of action (see Camadeo v Leeds, 290 AD2d 355, 356; Balestrero v Prudential Ins. Co. of Am., 283 App Div 794, affd 307 NY 709).
The plaintiffs' remaining contention is not properly before this Court.
CONNOLLY, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court