Buchanan v Law Offs. of Sheldon E. Green, P.C. (2023 NY Slip Op 01980)

Buchanan v Law Offs. of Sheldon E. Green, P.C.

2023 NY Slip Op 01980

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2021-01598
 (Index No. 604608/20)

[*1]Lauri A. Buchanan, etc., et al., respondents,
v
Law Offices of Sheldon E. Green, P.C., appellant, et al., defendant.

Ruskin Moscou Faltischek, P.C., Uniondale, NY (Ross J. Kartez and Brian Passarelle of counsel), for appellant.
Caitlin Robin & Associates, PLLC, New York, NY (Caitlin A. Robin and Mark A. Laughlin of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendant Law Offices of Sheldon E. Green, P.C., appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered February 8, 2021. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the first cause of action insofar as asserted against it, and, in effect, the third cause of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Law Offices of Sheldon E. Green, P.C., which were pursuant to CPLR 3211(a)(7) to dismiss the first cause of action insofar as asserted against it, and, in effect, the third cause of action are granted.
The plaintiffs, in their individual capacities and as administrators of the estate of the decedent Cydney Buchanan (hereinafter the decedent), commenced this action against the Law Offices of Sheldon E. Green, P.C. (hereinafter the defendant), and Holly Ostrov-Ronai, inter alia, to recover damages for legal malpractice.
The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. The plaintiffs opposed the motion. In an order entered February 8, 2021, the Supreme Court, among other things, denied those branches of the defendant's motion which were to dismiss the first cause of action insofar as asserted against it, in which the plaintiffs purported to assert a cause of action alleging legal malpractice, and, in effect, the third cause of action, in which the plaintiffs purported to assert a cause of action alleging vicarious liability against the defendant based upon the actions of Ostrov-Ronai. The defendant appeals.
The Supreme Court erred in denying that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action insofar as asserted against it. In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" [*2](Mawere v Landau, 130 AD3d 986, 988 [internal quotation marks omitted]). When evidentiary material is considered by the court on a motion pursuant to CPLR 3211(a)(7), "the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (Dempster v Liotti, 86 AD3d 169, 176 [internal quotation marks omitted]; see Joseph v Fensterman, 204 AD3d 766, 770; Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1506; Lopez v Lozner & Mastropietro, P.C., 166 AD3d 871, 873). The statements in the complaint must be "sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (CPLR 3013; see Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC, 31 NY3d 1090, 1091). "[B]are legal conclusions" do not suffice, and "[d]ismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141-142 [internal quotation marks omitted]).
Here, the plaintiffs alleged that the decedent died after a brief admission to a drug and behavioral treatment facility, that the defendants agreed to represent the plaintiffs in an underlying action against the treatment facility and the medical providers who treated the decedent, that the defendants committed legal malpractice by failing to timely complete service of process in an action commenced in state court and by failing to commence a wrongful death cause of action in federal court before the applicable statute of limitations expired, and that the defendants' failures resulted in the plaintiffs being unable to recover on their wrongful death causes of action. Absent from the complaint are any factual allegations relating to the basis for the plaintiffs' purported wrongful death causes of action against the treatment facility or medical providers.
Accepting the facts alleged in the complaint as true, and according the plaintiffs the benefit of every possible favorable inference, the complaint failed to set forth facts sufficient to allege that the defendant's purported negligence proximately caused the plaintiffs to sustain actual and ascertainable damages (see Joseph v Fensterman, 204 AD3d at 770-771). Even when considered with the documents submitted by the plaintiffs in opposition to the defendant's motion, the complaint failed to allege any facts tending to show that, but for the defendant's alleged negligence in failing to timely serve process in the state court action and in failing to timely commence an action in federal court, the plaintiffs would have achieved a more favorable outcome on their wrongful death causes of action (see Kennedy v H. Bruce Fischer, Esq., P.C., 78 AD3d 1016, 1018; see also Denisco v Uysal, 195 AD3d 989, 991; Weiner v Hershman & Leicher, 248 AD2d 193, 193; cf. Aristakesian v Ballon Stoll Bader & Nadler, P.C., 165 AD3d 1023, 1024). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss the first cause of action insofar as asserted against it.
Moreover, in light of this Court's determination on a related appeal (see Buchanan v Law Offices of Sheldon E. Green, P.C., _____ AD3d _____ [Appellate Division Docket No. 2021-01358; decided herewith]), that the complaint failed to state a cause of action alleging legal malpractice insofar as asserted against Ostrov-Ronai, we further conclude that the third cause of action, alleging vicarious liability against the defendant based on the alleged conduct of Ostrov-Ronai, was also subject to dismissal (see Pereira v St. Joseph's Cemetery, 54 AD3d 835, 837; Rojas v Feliz, 24 AD3d 652, 652).
In light of the foregoing, we need not reach the defendant's remaining contention.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court