Danilyan v Toothsavers Dental Servs., P.C. (2025 NY Slip Op 51063(U))

[*1]

Danilyan v Toothsavers Dental Servs., P.C.

2025 NY Slip Op 51063(U)

Decided on July 1, 2025

Supreme Court, Kings County

Melendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 1, 2025
Supreme Court, Kings County

Shagen Danilyan, Plaintiff,

against
Toothsavers Dental Services, P.C. d/b/a UNIVERSAL DENTAL CENTER, ROBERT F. WINEGARDEN, D.D.S., P.C., d/b/a UNIVERSAL DENTAL CENTER, TATYANA BERMAN, D.D.S., YAN LI, D.D.S., SHERWIN BENLEVI, D.D.S., HYONCHOL LEE a/k/a MICHAEL LEE, D.D.S., and MARK ZAHLER, D.D.S., Defendants.

Index No. 510939/2016

Plaintiff
James Laurence Lutfy, Esq. ([email protected])
Lutfy & Santora
1405 Clove Rd
Staten Island, NY 10301
718-442-2272
Defendant Toothsavers Dental Services, P.C. d/b/a Universal Dental Center
[no representation recorded]
Defendant Robert F. Winegarden, D.D.S., P.C. d/b/a Universal Dental Center
Francesca M. Erichsen, Esq. ([email protected])
Marulli, Mannarino & Erichsen, LLP
99 Broadway, Ste 605
New York, NY 10007-1994
212-553-3200
Defendant Tatyana Berman, D.D.S.
Charles E. Kutner, Esq. ([email protected])
Kutner Corrado & Friedrich, LLP
950 Third Avenue, 11th Floor
New York, NY 10022
212-308-0210
Defendant Yan Li, D.D.S.
Dominick Pintavalle, Esq. ([email protected])
Morrison Mahoney LLP
Wall Street Plaza 88 Pine Street, Suite 1900 New York, NY 10005
212-825-1212
Defendant Sherwin Benlevi, D.D.S.
Zabeen Sikder Rahman, Esq. ([email protected])
Rawle & Henderson, LLP
170 Old Country Road, Suite 215
Mineola, NY 11501
516-294-2002
Defendant Hyonchol Lee a/k/a Michael Lee, D.D.S.
Shayna Antoinette Bryton, Esq. ([email protected])
Landman Corsi Ballaine & Ford P.C.
120 Broadway, 13th Floor
New York, NY 10271
212-238-4800
Defendant Mark Zahler, D.D.S.
[no representation recorded]

Consuelo Mallafre Melendez, J.

Recitation, as required by CPLR § 2219 [[a], of the papers considered in the review:
NYSCEF #s: Seq. 22: 334 — 337, 338 — 358, 386 — 416, 480 — 482
Seq. 24: 365 — 366, 367 — 376, 417 — 447, 479
Seq. 25: 378 — 379, 380 — 385, 448 — 478
Defendant Hyonchol Lee a/k/a Michael Lee, D.D.S. ("Dr. Lee") moves (Seq. No. 22) for an Order granting summary judgment and dismissing Plaintiff's Complaint with prejudice pursuant to CPLR § 3212. Defendant, Robert F. Winegarden, D.D.S., P.C., sued herein as Robert F. Winegarden, D.D.S., P.C. d/b/a Universal Dental Center ("the Dental Center") moves (Seq. No. 24) for an Order granting partial summary judgment for all claims of vicarious liability for the acts and omissions of Hyonchol Lee a/k/a Michael Lee, D.D.S., and/or Sherwin Benlevi, D.D.S. ("Dr. Benlevi"), with prejudice, pursuant to CPLR § 3212. Defendant Yan Li, D.D.S. ("Dr. Li") cross-moves (Seq. No. 25) for an Order granting summary judgment and dismissing the Plaintiff's complaint and any and all cross-claims pursuant to CPLR § 3212.
Plaintiff opposes the motions of Dr. Lee (Seq. No. 22), the Dental Center (Seq. No. 24), and Dr. Li (Seq. No. 25).
Dr. Benlevi filed a separate motion (Seq. No. 23) to so-order a stipulation of partial discontinuance as to Plaintiff's claims against Dr. Benlevi. That motion was granted without opposition and the stipulation of discontinuance was so-ordered by this Court on June 12, 2025 (NYSCEF Doc. No. 486). To the extent that the Dental Center moves for summary judgment as to any vicarious liability claims on behalf of Dr. Benlevi, that part of the motion is granted.
Plaintiff commenced this action on June 28, 2016, asserting claims of dental malpractice against the movants and others in connection to treatment at the Dental Center and Toothsavers Dental Services, P.C., d/b/a Universal Dental Center, between June 19, 2012, and September 21, 2015.
Plaintiff alleges that Dr. Lee and Dr. Li departed from the standard of care by negligently and carelessly rendering their dental care and treatment, failing to practice according to generally accepted dental standards, and deviating from generally accepted dental practice. The claims against the Dental Center are for vicarious liability for the treatment rendered to Plaintiff, including by Dr. Lee and former defendant Dr. Benlevi. Plaintiff further alleges that these departures proximately caused injury to Plaintiff, including conscious pain and suffering, and months of pain.
When Plaintiff first presented to Toothsavers Dental Services, P.C., d/b/a Universal Dental Center, on June 19, 2012, Dr. Winegarden and non-moving defendant Dr. Berman created a treatment plan which included a multistep restoration of both arches, the removal of multiple teeth, and the placement of implant retained bridgework. The plan indicated that teeth #s 7-11 were not savable and called for implants throughout the lower portion of Plaintiff's mouth. Plaintiff then began treatment with Dr. Li who would go on to place implants at site #s 8, 9, 11, 12, 18-20, and 28-30. Dr. Li is a general dentist who provided various dental care, namely surgical implants and extractions. Her treatment was primarily focused on the lower portions of Plaintiff's mouth.
Plaintiff later presented to Dr. Lee for treatment on three dates: June 17, 2014, July 29, 2014, and November 4, 2014. Dr. Lee is a board-certified periodontist licensed in the state of New York since 2006. On June 17, 2014, Dr. Lee examined Plaintiff's mouth and placed an implant at site #14. On July 29, 2014, Dr. Lee removed a fractured implant placed by another dentist at site #9. On November 4, 2014, Plaintiff's last appointment with Dr. Lee, the doctor extracted teeth #s 5 and 6 and placed implants at the extraction sites. The implant placed at site #6 was later removed in 2017 due to a broken abutment screw.
MOTION SEQUENCE #25
Plaintiff alleges dental malpractice as a result of Dr. Li's treatment on or about July 19, 2012, July 26, 2012, September 4, 2012, September 18, 2012, and July 2, 2013. Plaintiff's allegations refer specifically to Dr. Li's placement of dental implants at site #s 8, 9, 11, 12, 18, 19, 20, 28, 29, 30, and her extraction of tooth #13. Dr. Li placed implants primarily in the lower portion of Plaintiff's mouth (#s 18-20 and 28-30) in ultimately different locations from Dr. Lee's treatment.
On January 21, 2025, Dr. Li cross-moved pursuant to CPLR § 3212 for an order granting summary judgment dismissing Plaintiff's complaint and any and all cross-claims against Dr. Li. Dr. Li filed this cross-motion one hundred sixteen (116) days after the note of issue was filed on September 27, 2024, which is after the sixty (60) day deadline for motions for summary judgment.
Consistent with the Kings County Supreme Court Uniform Civil Term Rules, the Court considers motions for summary judgment made no later than sixty (60) days after the filing of a [*2]note of issue. (See Kings County Supreme Court Uniform Civil Term Rules, Part C, Rule 6).[FN1]
The above time limitation may only be extended by the Court upon good cause shown, or if the untimely motion falls under the same set of issues as a timely motion. (See CPLR § 3212(a); Kings County Supreme Court Uniform Civil Term Rules, Part C, Rule 6; Brill v. City of New York, 2 NY3d 648, 651 [2004]; Sikorjak v. City of New York, 168 AD3d 778, 780 [2d Dept. 2019]; Wittenberg v. Long Island Power Auth., 225 AD3d 730, 732 [2d Dept. 2024]). The rule ensures the integrity and efficiency of the Court and the part, and protects the interests of the plaintiff, who the defendant could otherwise disadvantage with a last-minute filing. (See Brill, 2 NY3d at 651). While the rule of this Part has recently changed from a deadline of sixty (60) days to two months, the sixty (60) day rule still applies to this case and regardless, Dr. Li's cross-motion was filed one hundred sixteen (116) days after the filing of the note of issue and is late under either rule.
Dr. Li's cross-motion is untimely and unlike the Dental Center's cross-motion for summary judgment, it does not fall under the same set of issues as motion sequence #22, which was timely. (See Wittenberg, 225 AD3d at 732; contra Sikorjak, 168 AD3d at 780). In Sikorjak, the City defendants moved for summary judgment after the expiration of the time limitation for such motions, however, the motion "was made on nearly identical grounds as the timely motion," so the Court considered the motion despite its untimeliness. (See Sikorjak, 168 AD3d at 780). Here, Dr. Li's late cross-motion for summary judgment concerns treatment separate and distinct from the treatment which forms the basis for Dr. Lee's timely motion. Dr. Li practices in general dentistry while Dr. Lee is a periodontist and specializes in the placing of implants. Dr. Li treated different areas of Plaintiff's mouth from Dr. Lee, so the grounds on which motion sequence #25 was made differ from those relevant to the timely motion sequence #22.
Additionally, while this deadline may only be extended on consent or by leave of the Court upon good cause shown by the movants, no explanation has been proffered for the late filing. (CPLR 3212 [a]; Brill v City of New York, 2 NY3d 648 [2004]). The showing of good cause requires "a satisfactory explanation for the untimeliness," not a showing the motion is otherwise meritorious or non-prejudicial (Brill at 652). Therefore, Dr. Li's cross-motion will not be considered and is denied.

MOTION SEQUENCE #22

Plaintiff alleges, inter alia, that on June 17, 2014, July 29, 2014, and November 4, 2014, Dr. Lee failed to render proper treatment by agreeing with Dr. Winegarden's dental plan, by improperly placing implants at the sites of teeth #5, 6, 8, and 9 and the lower right and lower left posterior, by negligently and carelessly placing a bone graft and implant at tooth #14, and by negligently placing a fixed bridge within Plaintiff's mouth. Plaintiff alleges that this treatment by Dr. Lee contributed to and/or caused their conscious pain and suffering, serious personal injuries, and months of "tremendous" pain.
In support of their motion for summary judgment, Dr. Lee submits an expert affirmation from Theodore J, Jenal, D.D.S., a dentist licensed to practice dentistry in the State of New York, who graduated from Stony Brook School of Dental Medicine in 1998. Dr. Jenal maintained an [*3]office of general dentistry in New York from 1989 to 2012 before opening a practice in Arizona where his license has been active since 2004. In addition to providing restorative and preventative care, Dr. Jenal states he has experience developing treatment plans like that which was created for Plaintiff, specifically a full arch prosthesis supported by dental implants.
Dr. Jenal addressed Plaintiff's counsel's claims regarding his credentials and qualification as an expert in this matter in a supplemental affirmation filed on May 2, 2025. The Court will consider this supplemental affirmation to the extent that Dr. Jenal details his qualifications, but will not consider any further opinions as to the care and treatment Dr. Lee's provided to Plaintiff as it amounts to an improper sur-reply. Upon review of same, the Court accepts Dr. Jenal as an expert on behalf of defendant Dr. Lee.
Dr. Jenal opines that Dr. Lee's treatment of Plaintiff on June 17, 2014, July 29, 2014, and November 4, 2014, was in accordance with good and accepted standards of dental care and that the treatment did not cause and/or contribute to any of the injuries alleged by Plaintiff.
At the outset, Dr. Jenal opines that Plaintiff's allegations that Dr. Lee improperly placed implants at site #s 5, 6, 8 and 9 and the lower right and left posterior, and that Dr. Lee negligently placed a fixed bridge in Plaintiff's mouth are unfounded. In his review of the record, Dr. Jenal noted that throughout Plaintiff's treatment, Dr. Lee only placed three implants at site #s 5, 6, and 14, and never placed a fixed bridge.
Dr. Jenal opines that the three implants placed at site #s 5, 6, and 14 were of sufficient size (5mm in diameter and 11.5 mm in length), in the correct position to support a prosthesis, and placed with no departures from the standard of care during the procedure. Addressing Plaintiff's expert's claims that implant #14 was improper and later removed, Dr. Jenal opines that the implant integrated successfully and appears to be intact as of May of 2018, and there is no evidence of either of these things in the record. With tooth #9, Dr. Jenal further opines that Dr. Lee is not accountable for the failure of the implant because another dentist placed the implant and its fracturing was a restorative failure, not a surgical one.
Dr. Jenal further opines that the removal of teeth #s 5 and 6 was logical under the overarching restorative plan set by Dr. Winegarden which called for the extraction of all natural maxillary teeth, and that the implants and cover screws placed at those site #s were adequate. He continued, explaining that bone grafting is unnecessary where there is an immediate implant placement, as there was with teeth #s 5 and 6.
Dr. Jenal opines that the implant placed by Dr. Lee at site #6 was unsuccessful because of a broken screw. Dr. Jenal opines that Dr. Lee did not place this screw because he served as a periodontist and implant surgeon in Plaintiff's larger restorative case, and screws are restorative elements placed by restorative dentists. Dr. Jenal describes restorative elements as those that may be disrupted by bruxing or an inadequate implant rather than by improper surgical placement. He continued, opining that the screw broke because it was overloaded, which has nothing to do with the implant's surgical placement.
Dr. Jenal opined as to Plaintiff's "laundry list of allegations, none of which are accurate," and generally found Dr. Lee's treatment as independent from them. As for the matter of bruxism, Dr. Jenal opined that a bruxism habit is hard for a dentist to control and treat and "has nothing to do with Dr. Lee's treatment." As for the placement of the fixed bridge in Plaintiff's mouth, Dr. Jenal opines that there is no evidence that Dr. Lee placed the bridge or had any involvement in its planning. Furthermore, Dr. Jenal emphasized that any periodontal work-up for teeth which would be extracted in the near future under the original restorative treatment plan would have [*4]been inappropriate.
In addressing Plaintiff's expert and their focus on the treatment plan created by Dr. Winegarden, Dr. Jenal opines that the current standard of care is not limited to saving natural teeth especially when their prognosis is suspect, so the restorative treatment plan was well within the standard of care based on current dental thinking. According to Dr. Jenal, Plaintiff's restorative treatment plan offered more predictability that would not be seen through attempting to save Plaintiff's natural teeth. Dr. Jenal opined that Dr. Lee was a periodontist in part of a larger restorative case where the restorative dentist is responsible for deciding the number and locations of implants. He continued, opining that Dr. Lee's periodontal treatment was logical for the condition of Plaintiff, was in accordance with good and accepted standards of dental care, and did not cause and/or contribute to any of the injuries alleged by Plaintiff.
As to Plaintiff's claim for lack of informed consent, Dr. Jenal opines that Dr. Lee obtained informed consent prior to treating Plaintiff.
In opposition, Plaintiff submits an expert affirmation from a dentist [name of expert redacted], who is licensed to practice dentistry in the State of New York and has had a clinical general practice within the state since 1984. The unredacted, signed expert affirmation was presented to the Court for in camera inspection. The Court notes that Plaintiff's expert's expertise is similar to the qualifications of Dr. Lee's expert.
Plaintiff's expert generally opines that Dr. Lee breached the standard of care by failing to order a full clinical workup of Plaintiff that involved informing them of alternatives to the prescribed treatment plan and attempting to save their teeth, rather than replace them.
Plaintiff's expert opines that the implant Dr. Lee placed at tooth #14 was eventually removed and that it should not have been placed because of significant risk that it would fail. Plaintiff's expert opines that Dr. Lee departed from the standard of care by failing to inform Plaintiff of continued pathological conditions in the lower arch after removing the broken implants at site #9. Plaintiff's expert further opines that Dr. Lee's departures from the standard of care in failing to scale and clean the teeth, failing to adjust Plaintiff's occlusion, and failing to alter the initial treatment plan to save Plaintiff's upper and lower arches led to the loss of teeth #s 5 and 6. Also, according to Plaintiff's expert, Dr. Lee's placement of implants at site #s 5 and 6 without bone grafting was a departure from the standard of care with no justification.
Plaintiff's expert noted evidence of Plaintiff's potential bruxing habit, opining that the standard of care required a differential diagnosis of bruxism, and required taking precautions for it to preserve Plaintiff's anterior teeth. Adjacent to this issue, Plaintiff's expert opined that Dr. Lee should have conducted a periodontal workup to prevent Plaintiff from suffering discomfort and "eating from an unaesthetic ill-fitting bridge." Plaintiff's expert also opines that Dr. Lee must have known that the treatment plan did not meet the standard of care and was "a bait and switch scam," but did not tell Plaintiff this and instead proceeded according to the plan's prescribed treatment and "let him suffer."
As to the claim for lack of informed consent, Plaintiff's expert opines that the consent forms signed by Plaintiff were below the standard of care because they were written in English and Plaintiff cannot read English. Plaintiff's expert opines that this failure to obtain consent caused Plaintiff to lose teeth and have unnecessary implants placed because Plaintiff was not apprised of the treatment plan, its risks, or its alternatives.
Generally, Plaintiff's expert opines that Dr. Lee had a greater duty to Plaintiff than to Toothsavers Dental Services, P.C., or Dr. Winegarden, and that Dr. Lee departed from the [*5]standard of care by failing to alter or attempting to alter, Dr. Winegarden's original treatment plan and by failing to obtain Plaintiff's informed consent. In the view of Plaintiff's expert, these broad departures led to the loss of Plaintiff's teeth and eventually the implants placed by Dr. Lee, and were substantial factors in causing the injuries sustained by Plaintiff.
In evaluating a summary judgment motion in a medical malpractice case, the Court applies the burden shifting process as summarized by the Second Department: "[A] defendant must make a prima facie showing either that there was no departure from good and accepted medical practice, or that the plaintiff was not injured by any such departure. Once a defendant physician has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements on which the defendant met the prima facie burden. Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions." (Rosenzweig v. Hadpawat, 229 AD3d 650, 652 [2d Dept 2024] [internal quotation marks and citations omitted]). However, "expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact." (Barnaman v. Bishop Hucles Episocal Nursing Home, 213 AD3d 869, 898-899 [2d Dept 2023]).
After review of the submissions of counsel and the affirmations of the experts, the Court finds that Plaintiff has not raised an issue of fact as to Dr. Lee's liability for Plaintiff's injuries, his causation of Plaintiff's injuries, or his receiving of informed consent.
Plaintiff's expert places a large amount of responsibility on Dr. Lee despite his limited interactions with Plaintiff and his ultimate role in Plaintiff's treatment as a periodontist and implant surgeon. Dr. Lee is a specialist and served as one cog in the larger wheel which formed Plaintiff's dental treatment, so his accompanying duties to Plaintiff were not the same as that of other dentists treating Plaintiff. "Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied upon by the patient." (Chulla v. DiStefano, 242 AD2d 657, 658 [2d Dept. 1997]; Leigh v. Kyle, 143 AD3d 779, 782 [2d Dept. 2016], quoting Markley by Markley v. Albany Med. Ctr. Hosp., 163 AD2d 639, 640 [3d Dept. 1990]). Like in Leigh, Dr. Lee's role in Plaintiff's larger restorative treatment was limited as a periodontist. (See Leigh, 143 AD3d at 782). Dr. Lee may only be held responsible for that which he undertook in his treatment of Plaintiff, which in this case was the placing of implants at site #s 5, 6 and 14. Dr. Lee cannot be held responsible for not suggesting alterations to the plan and its goals, or otherwise reaching outside of his specialty of implant surgery. Plaintiff's expert emphasizes how Dr. Lee should have informed Plaintiff of alternatives to the treatment plan or conducted more comprehensive examinations of Plaintiff's mouth, but Dr. Lee's duties to Plaintiff were limited to the placement of implants and extractions in line with the prescribed plan and went no further.
Notwithstanding, the opinions of Plaintiff's expert were conclusory and without detail. Through their submissions, Plaintiff does not raise an issue of fact as to departures from the standard of care by Dr. Lee, or as to Dr. Lee's proximate causation of Plaintiff's injuries. Plaintiff's expert speculates as to what caused Plaintiff to lose teeth #s 5 and 6 by opining as to the effects of Dr. Lee's failure to clean the teeth. Specifically with implant #6, Plaintiff's expert ignores the prior work on that tooth by another dentist and what if any effect that treatment had on Dr. Lee's subsequent treatment. With tooth #14, Plaintiff's expert claims that the implant was later extracted despite the subsequent dental records from other dentists saying otherwise. The expert also speculates as to how periapical x-rays and periodontal workups could have changed [*6]Plaintiff's condition, blaming Dr. Lee for the injury that resulted without knowledge of what would have happened, and without noting Dr. Lee's true duties to Plaintiff. Plaintiff's expert's discussion of Plaintiff's potential bruxism also speculate as to how Plaintiff's treatment could have been different with a differential diagnosis of the condition. While Dr. Jenal opines that Dr. Lee's placement of implant #s 5, 6, and 14 was appropriate under the treatment plan set by Dr. Winegarden and exhibited no departures from the standard of care, Plaintiff's expert also speculates as to what could have happened if Dr. Lee informed Plaintiff of "the poor-quality restorations and harmful treatment plan." Plaintiff's expert opines that Dr. Lee should have done more outside of his specific duties but does not state what would have happened had he done so. These opinions are conclusory and assume Dr. Lee's liability. Much of Plaintiff's expert's views on Dr. Lee's contributions towards Plaintiff's injuries speculate as to causation and are conclusory. They raise no issues of fact as to causation. Accordingly, Dr. Lee's motion for summary judgment will be granted as Plaintiff did not meet their burden of raising issues of fact.
Regarding Plaintiff's claim for lack of informed consent, Plaintiff also does not raise a triable issue of fact. To establish a cause of action to recover damages based on lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury. (Gilmore v Mihail, 174 AD3d 686, 688 [2d Dept 2019]). The third element is construed to mean that the actual procedure performed for which there was no informed consent must have been a proximate cause of the injury.
Dr. Lee placed implants at site #s 5, 6, and 14, and is alleged to have not received Plaintiff's informed consent for those procedures, but review of the records of the procedures and Dr. Jenal's affirmation shows no departures from the standard of care that would make the implants a proximate cause of Plaintiff's injuries. From this, Plaintiff's claim for lack of informed consent does not satisfy the third element. Plaintiff through their expert was not able to raise an issue of fact as to the alleged departures or the issue of causation, so Plaintiff's claim for lack of informed consent fails.

MOTION SEQUENCE #24

As regards motion sequence #24, Plaintiff alleges that the Dental Center is vicariously liable for its employees, agents and assigns who treated or oversaw the treatment of Plaintiff from on or about June 19, 2012, through on or about September 21, 2015, specifically defendants Dr. Lee and Dr. Benlevi. On December 31, 2024, the Dental Center cross-moved for partial summary judgment for all claims of vicarious liability relating to Dr. Lee and Dr. Benlevi.
This cross-motion for summary judgment was filed ninety-five (95) days after the note of issue was filed on September 27, 2024. The Dental Center's cross-motion for summary judgment was untimely, but concerns the Center's vicarious liability as to the acts and/or omissions of Dr. Lee. As the issues in question for this motion sequence regard Dr. Lee's treatment of Plaintiff, which formed the subject of a timely motion, the Court will consider motion sequence #24 despite its late filing. (See CPLR § 3212 [a]; Kings County Supreme Court Uniform Civil Term [*7]Rules, Part C, Rule 6; Brill v. City of New York, 2 NY3d 648, 651 (2004); Sikorjak v. City of New York, 168 AD3d 778, 780 [2d Dept. 2019]).
Dr. Benlevi was discontinued from this action as noted above, and Dr. Lee's motion for summary judgment is granted herein. "A claim of vicarious liability cannot stand when there is no primary liability upon which such a claim of vicarious liability might rest" (Pereira v. St. Joseph's Cemetery, 54 AD3d 835, 837 [2d Dept 2008]). Therefore, as a matter of law, summary judgment is likewise granted to Defendant Dr. Robert F. Winegarden, D.D.S., P.C., d/b/a Universal Dental Center to the extent that any vicarious liability claims for the acts and omissions of Dr. Lee and Dr. Benlevi are dismissed.
It is hereby:
ORDERED that Defendant Dr. Hyonchol Lee's a/k/a Michael Lee, D.D.S. motion (Seq. No. 22) for an Order, pursuant to CPLR § 3212, granting summary judgment in their favor and dismissing Plaintiff's complaint is GRANTED, it is further
ORDERED that the cross-motion of Defendant Dr. Yan Li, D.D.S. (Seq. No. 25) for an Order, pursuant to CPLR § 3212, granting summary judgment in their favor and dismissing Plaintiff's complaint, is DENIED, it is further
ORDERED that the cross-motion of Defendant Dr. Robert F. Winegarden, D.D.S., P.C., d/b/a Universal Dental Center (Seq. No. 24) for an Order, pursuant to CPLR § 3212, granting summary judgment as to their vicarious liability for Dr. Lee and Dr. Benlevi, only, is GRANTED.
The Clerk shall enter judgment in favor of HYONCHOL LEE a/k/a/ MICHAEL LEE, D.D.S.
This constitutes the decision and order of this Court.
ENTER.
Hon. Consuelo Mallafre Melendez
J.S.C.

Footnotes

Footnote 1:This Court's sixty-day time limitation was recently replaced with a two-month timeframe after the filing of the note of issue. The sixty-day rule still applies to this case because the note of issue and motion were filed prior to the change of the new rule.